Jay W. MacIntosh, Esq., #209912
Law Offices of Jay W. MacIntosh
16633 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone (310) 288-4330
Facsimile (310) 479-4629
Email:*jay@jaywmacintoshlaw.com*

Bill Zuhdi, OBA #10013, TX Bar #22293340
The Zuhdi Law Firm
P.O. Box 1077
Oklahoma City, OK 73101
Telephone: (405)232-1400
Facsimile (405)755-9686
Email: bill@billzuhdi.com
[*Pro Hac Vice* Application To Be Filed]
Attorneys for Plaintiff Ellen Catherine Rozario

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELLEN CATHERINE ROZARIO, an Individual,** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES FOR:** |
| **KIM RICHARDS, EVOLUTION FILM & TAPE, INC., a California Corporation, and DOES 1 through 5, inclusive,** | **1. Negligence**<br>**2. Strict Liability**<br>**3. Negligence Per Se**<br>**4. Intentional Misrepresentation**<br>**5. Intentional Infliction of Emotional Distress**<br>**6. Negligent Infliction of of Emotional Distress** |
| **Defendants.** | **7. Fraudulent Concealment and Conspiracy to Fraudulently Conceal**<br>**DEMAND FOR JURY TRIAL** |

1

## I. PARTIES

1.     Plaintiff Ellen Catherine Rozario ("Kay Rozario") is an individual with primary and permanent residence at 5682 Exotic Rosette Avenue, Las Vegas, Nevada 89139.

2.     Defendant Kim Richards ("Defendant Richards") is an individual and resident of the State of California, with her principal place of residence at 3701 Loadstone Drive, Los Angeles, California 91403.

3.     Defendant Evolution Film & Tape, Inc. ("Defendant Evolution") is a California Corporation, with its principal place of business at 3310 W. Vanowen Street in Burbank, CA 91505.  Its California entity number is C1401613.  Defendant Evolution can be served with process by and through its registered agent Stacy Kreisberg, 10350 Santa Monica Blvd., Suite 350, Los Angeles, CA 90025.

## II. JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1332(a)(1), and 28 U.S.C. § 1332(c) because Plaintiff Kay Rozario is a citizen of the State of Nevada and  Defendant Kim Richards is a citizen of the State of California and Defendant Evolution is a California Corporation having its principal place of business in the State of California and the matter in

2

controversy exceeds the sum value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.   Venue is found under 28 U.S.C. § 1391 since the events or omissions giving rise to Plaintiff Kay Rozario's claim occurred in this district.

### III. FACTS COMMON TO ALL CAUSES OF ACTION

**Kay Rozario was attacked and bit by a vicious dog owned by Defendant Kim Richards while Kay Rozario was an overnight guest at Defendant Kim Richards' residence**

6.   On March 19, 2014, Plaintiff Kay Rozario, her daughter and granddaughter visited Defendant Richards' residence as overnight guests.  Plaintiff Kay Rozario had known Defendant Richards since Defendant Richards was a young girl.  Defendant Kim Richards is the star of the Real Housewives of Beverly Hills reality show, a television show produced by Defendant Evolution.

7.   Defendant Kim Richards owned on March 19, 2014, and at times relevant to this Complaint, a pit bull dog named Kingsley (hereinafter "dog").

8.   Upon arriving and going into Defendant Richards' house, Kay Rozario discovered that Defendant Richards had a large dog living with her.  Kay Rozario did not know that Defendant Richards had a dog.  Defendant Richards proceeded to make statements and representations to Kay Rozario that the dog was a sweet, cuddly dog and Kay Rozario should scratch it behind its ears

3

because the dog liked that.  Kay Rozario was unaware and did not know the dog was actually a pit bull dog and was vicious.

9.   The next morning, Kay Rozario was in Defendant Richards' bedroom talking to Defendant Richards who was lying on the bed next to the dog.  All of the sudden and without provocation, the dog jumped up from the bed, moved across it and attacked and bit Kay Rozario, causing severe injuries to her left hand, arm and back.  As the dog was attacking and biting Kay Rozario, she fell backwards onto the floor.  Bleeding profusely from her wounds, as she was being attacked and bitten, Kay Rozario screamed. Hearing the screams, Kay Rozario's daughter rushed into the room.  Defendant Richards said not to call 911.  However, emergency personnel were called.  Defendant Richards begged Kay Rozario, "not to tell anybody" and "promise me you won't say anything, I'll lose my job." Kay Rozario was treated in the emergency room for the injuries she sustained and suffers pain, disfigurement, emotional pain and suffering, anxiety and other damages to this day.

### Defendant Evolution and Kim Richards concealed the dog's potential dangerousness and  viciousness from the public and thereby from Kay Rozario

10.   Defendant Kim Richards, along with the dog, had appeared in and were part of a continuing story line in episodes of the Real Housewives of Beverly Hills.

These segments and episodes with the dog and Defendant Kim Richards, at least in part, were filmed by Defendant Evolution at Defendant Kim Richards' residence.

11.   Prior to the attack on Kay Rozario on March 20, 2014, Defendant Evolution hired a dog trainer to fix the dog's aggression and appear on the Real Housewives of Beverly Hills.  What was presented by Defendant Evolution and Defendant Richards to the public as to why a dog trainer was hired during the television show broadcast on November 11, 2013, was that the dog had "eaten thousands of dollars of shoes, sunglasses and personal items, and I just think he needs a trainer."

12.   In actuality, Defendants together concealed from the public the dangerousness and  viciousness of the dog and falsely misled the public as to the reason why a trainer was hired for the dog.  Defendants concealed from Kay Rozario and the public that the dog was dangerous and vicious dog and that the dog had previously bitten and attacked an individual(s).

13.   The concealment by Defendants in the broadcasts of the Real Housewives of Beverly Hills television shows premiering on November 11, 2013, and on March 17, 2014, and other relevant episodes, caused Kay Rozario, through her family member, to not be concerned at all about the dog and to agree to spend

5

the night at Defendant Kim Richards' residence.  Additionally, upon Kay Rozario's arrival with her other family members at Defendant Richard's house on March 19, 2014, Defendant Richards intentionally misrepresented and concealed the dog was dangerous and vicious to Kay Rozario.  Defendant Richards misled Kay Rozario to believe the dog was sweet and cuddly.  Not aware the threat of the dangerous and vicious dog existed, Kay Rozario, her daughter and granddaughter all spent the night in Defendant Richards' residence.

14.    Kay Rozario believed Defendant Kim Richards' representations that the dog was a sweet, cuddly dog.  Defendants' concealment and false statements caused significant injury to Plaintiff Kay Rozario.

### IV.  CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### NEGLIGENCE
### *By Kay Rozario against Kim Richards*

15.    Paragraphs 6 through 14 are incorporated herein as if same were set forth fully at length.

16.    Defendant Kim Richards is an individual who on March 20, 2014, was an owner and keeper of a dog.

17.    On March 20, 2014, the dog bit and attacked Kay Rozario and inflicted bodily injuries upon her by attacking and biting her without warning or provocation.

6

18.   On March 20, 2014, Defendant Kim Richards could reasonably have anticipated that the dog would cause injury to Kay Rozario by attacking and biting her.

19.   On March 20, 2014, Defendant Richards had sufficient opportunity to prevent the dog from attacking and biting Kay Rozario but failed to exercise reasonable care to control and contain the dog and prevent the attacking and biting.

20.   Defendant Richards had a duty to prevent the dog from inflicting bodily injuries upon Plaintiff Kay Rozario.

21.   Defendant Richards' failure to control and contain the dog was unreasonable and negligent breach of duty and a proximate cause of Kay Rozario's injuries and damages alleged herein.

22.   As a proximate result of the acts and omissions of Defendant Richards as alleged herein, Kay Rozario was injured and sustained severe bodily injuries, all of which have caused and continue to cause her great physical and mental pain and suffering.  The physical injuries resulted in permanent scarring on Kay Rozario's body.  As a result of these injuries, the severe lacerations to Kay Rozario's forearm, arm and hand, permanent scarring and disfigurement, injury to her back, pain and suffering, emotional distress, fear and anxiety, Kay Rozario has suffered general damages.  Kay Rozario also seeks reimbursement

7

for medical treatment costs she has incurred as well as other compensation the court deems just and proper.

### SECOND CAUSE OF ACTION
### STATUTORY STRICT LIABILITY
### BASED ON CALIFORNIA'S DOG BITE STATUTE
#### *By Kay Rozario against Kim Richards*

23.  Paragraphs 6 through 22 are incorporated herein as if same were set forth fully at length.

24.  On March 20, 2014, Defendant Kim Richards was the owner of the dog.

25.  On March 20, 2014, the dog inflicted bodily injuries upon Kay Rozario by biting Kay Rozario.

26.  When bitten by the dog on March 20, 2014, Kay Rozario was lawfully present on private property, to-wit, 3701 Loadstone Drive, Los Angeles, California 91403.

27.  Defendant Kim Richards is strictly liable for the injuries and damages of Kay Rozario pursuant California Civil Code §3342, provided in pertinent part as follows:

California Civil Code §3342:

(a)   The owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place or lawfully in a private place, including the property of the owner of the dog, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness. A person is lawfully upon the

8

private property of such owner within the meaning of this section when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon the invitation, express or implied, of the owner.

28. Kay Rozario requests compensation for the physical and emotional pain and suffering she has endured and continues to undergo.  She also seeks reimbursement for the medical bills she has incurred, as well as all other compensation the court deems just and proper.

### THIRD CAUSE OF ACTION
### NEGLIGENCE PER SE
### *By Kay Rozario against Kim Richards*

29. Paragraphs 6 through 28 are incorporated herein as if same were set forth fully at length.

30. On March 20, 2014, there existed in the City of Los Angeles, State of California, a law which required that dogs known to be vicious or dangerous shall not be permitted to be loose within the premises of a person so as to endanger the life or limb of any person lawfully entering that premises. Specifically, Los Angeles Municipal Code §53.33 states:

1(a)   No person, owning or having custody or control of any dog, other than a sentry dog, or any other animal known by such person to be vicious or dangerous, shall permit it to run at large, or permit it to run loose on or within the premises of such person in such a manner as to endanger the life or limb of any person lawfully entering such premises.

31. On March 20, 2014, Defendant Kim Richards, being a person who owned, had custody of a vicious or dangerous dog, with knowledge of the dog being vicious and dangerous, and with knowledge that it would be kept, uncontrolled, on her premises, and permitted to run loose within the premises, located at 3701 Loadstone Drive, Los Angeles, California, violated the above quoted Los Angeles Municipal Code.

32. Defendant Richards violation of the above cited Los Angeles Municipal Code proximately caused injury to Plaintiff Kay Rozario on March 20, 2014.

33. The injury to Plaintiff Kay Rozario resulted from an occurrence of the nature which the Code was designed to prevent.

34. Plaintiff Kay Rozario was one of the class of persons for whose protection the Code was adopted.

35. Kay Rozario requests compensation for the physical and emotional pain and suffering she has endured and continues to undergo. She also seeks reimbursement for the medical bills she has incurred, as well as all other compensation the court deems just and proper.

## FOURTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION
### *By Kay Rozario against Kim Richards*

36.     Paragraphs 6 through 35 are incorporated herein as if same were set forth fully at length.

37.     On March 19, 2014, upon her arrival at Defendant Richards' house, Plaintiff Kay Rozario discovered Defendant Richards owned a dog and that it was living in her home.

38.     On March 19, 2014, Defendant Richards told Kay Rozario that the dog was cuddly, peaceful and harmless.

39.     Defendant Richards' representation that the dog was peaceful and harmless was false.

40.     Defendant Richards knew that the representation that the dog was peaceful and harmless was false when she made the representation.

41.     Defendant Richards intended that Kay Rozario rely on the representation that the dog was peaceful.  When Plaintiff arrived at Defendant Richards' home to be her house guest, after Plaintiff Kay Rozario discovered Defendant had a dog, thereafter, Defendant Richards made a significant effort to present to and make Kay Rozario believe the dog was a fun, peaceful, happy dog rather than

11

inform Kay Rozario that the dog was in fact dangerous and vicious and had previously attacked and bitten a person or persons.

42. Defendant Richards' representations set forth herein were false. Defendant Richards knew the dog was vicious and dangerous and had previously attacked and bitten a person or persons.

43. Defendant Kim Richards intended that Kay Rozario rely on the above stated misrepresentation.

44. Plaintiff reasonably relied on Defendant Richard's misrepresentation.

45. On March 20, 2014, Plaintiff was attacked and bit by the dog and severely harmed as a result of Defendant  Richards' misrepresentation as set forth herein.

46. Plaintiff's reliance on Defendant Richards misrepresentation that the dog was harmless was a substantial factor in causing Plaintiff's injuries.

47. Kay Rozario requests compensation for the physical and emotional pain and suffering she has endured and continues to undergo.  She also seeks reimbursement for the medical bills she has incurred, as well as all other compensation the court deems just and proper.

48. Plaintiff prays for exemplary and punitive damages according to proof.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *By Kay Rozario against Kim Richards*

49.    Paragraphs 6 through 48 are incorporated herein as if same were set forth fully at length.

50.    Defendant Richards engaged in outrageous conduct, including making false representations to Kay Rozario that the dog was peaceful and harmless, Defendant Richards' begging not to call 911 and Defendant Richards' begging Kay Rozario not to tell anyone, as fully set forth in ¶¶8, 9 herein, with the intention to cause Kay Rozario severe emotional distress.

51.    Kay Rozario suffered severe emotional distress.

52.    Defendant Richards' conduct was a substantial factor in causing Kay Rozario's severe emotional distress.

53.    Kay Rozario requests compensation for the emotional pain and suffering she has endured and continues to endure, as well as all other compensation the court deems just and proper.

54.    Plaintiff prays for exemplary and punitive damages according to proof.

## SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *By Kay Rozario against Defendant Kim Richards*

55.    Paragraphs 6 through 54 are incorporated herein as if same were set forth fully at length.

56.    Defendant Richards was negligent in making false representations to Kay Rozario that the dog was peaceful and harmless, in begging persons not to call 911 after Kay Rozario was attacked and bitten and in Defendant Richards' begging Kay Rozario not to tell anyone about the attack, as fully set forth in ¶¶8, 9 herein.

57.    Kay Rozario suffered serious emotional distress.

58.    Defendant Richards' negligence described above in ¶56 was a substantial factor in causing Kay Rozario's serious emotional distress.

59.    Kay Rozario requests compensation for the emotional pain and suffering she has endured and continues to endure, as well as all other compensation the court deems just and proper.

## SEVENTH CAUSE OF ACTION
## FRAUDULENT CONCEALMENT
## AND  CONSPIRACY TO FRAUDULENTLY CONCEAL
### *By Kay Rozario against Kim Richards and*
### *Evolution Film & Tape Inc., and Does 1-5*

60.   Paragraphs 6 through 59 are incorporated herein as if same were set forth fully at length.

61.   Defendant Richards and Defendant Evolution fraudulently concealed and suppressed from Kay Rozario and the public that the dog owned by Defendant Richards and featured in the Real Housewives of Beverly Hills television show was vicious and  dangerous and had previously attacked and bit a person or persons.

62.   Defendant Richards and Defendant Evolution intentionally concealed their prior knowledge of the fact that the dog was vicious and  dangerous and intended to deceive and mislead the public and thereby Kay Rozario.

63.   On March 19, 2014, Kay Rozario was unaware that the dog was vicious and dangerous.

64.   If Kay Rozario would have been aware Defendants had concealed and suppressed the fact that the dog was vicious and  dangerous, she would not have been a guest or an overnight guest at Defendant Richards' residence with the dog present and loose in the house.

15

65.  Defendant Richards and Defendant Evolution had knowledge of the dog's viciousness and dangerousness and were under a duty to disclose to Kay Rozario and the public that the dog was vicious and dangerous.

66.  The concealment by Defendants in the broadcasts of the television shows broadcasting on November 11, 2013, and March 17, 2014, and other broadcasted episodes, misled the public into believing the dog was not dangerous and caused Kay Rozario, through her family member, to agree to spend the night at Defendant Richards' residence.

67.  Upon arriving at Defendant Richards' residence, Defendant Richards made additional intentional misrepresentations and concealments regarding the dog. Kay Rozario believed Defendant Kim Richards' representations that the dog was a nice, cuddly dog.

68.  Defendants' concealment and false statements caused significant injury to Plaintiff Kay Rozario.

69.  Plaintiff Kay Rozario reasonably relied on Defendants' fraudulent concealment.  A family member of Plaintiff had viewed Episode 2 of Season 4,  which represented that the dog trainer was hired because the dog "chewed up thousands of dollars of  shoes and sunglasses."  The broadcast did not reveal and it was concealed by Defendants that they had prior knowledge the

16

dog was dangerous and vicious and had previously bitten a person or persons, and that the dog trainer was really hired to fix the dog's aggression.

70. As a result of Defendants' concealment and suppression of the facts, Kay Rozario sustained damages.

71. Defendants' concealment herein was a substantial factor in causing Kay Rozario severe injuries.

**Defendants' Conspiracy To Fraudulently Conceal**

72. Beginning on or about a date unknown to Kay Rozario, and continuing until some time on or after March 20, 2014, Defendants Richards and Evolution ("coconspirators") knowingly and intentionally combined, conspired, confederated and agreed with each other and others unknown to Kay Rozario, to conceal from her and the public that the dog was vicious and dangerous.

73. Prior to the attack of Kay Rozario by the dog, the coconspirators were under a duty to disclose to Kay Rozario and the public that the dog was vicious and dangerous.

74. Prior to the attack on March 20, 2014, upon Kay Rozario by the dog, the Defendants concealed the fact from Kay Rozario and the public that the dog was vicious and dangerous.

75. Defendants agreed with each other and intended that the dog's dangerous and viciousness be concealed from the public and as a result, was concealed from Kay Rozario.

76. The specific wrongful acts known to Kay Rozario at this time by the Defendants to conspire to conceal and suppress from Kay Rozario and the public are as follows:

a. On November 11, 2013, when Episode 2 of Season 4 of the Real Housewives of Beverly Hills premiered, which was filmed on location at Defendant Kim Richards' residence, a segment showed a dog trainer on the show, who was allegedly hired by Defendants Richards because the Dog had "eaten thousands of dollars of shoes, sunglasses and personal items."

b. Defendant Evolution was aware that coconspirator Kim Richards' on air and filmed statements in the November 11, 2013, episode was a misrepresentation, was false and concealed the fact the trainer was hired by Defendant Evolution to fix the dog's aggression.

c. In addition to concealing the fact that the dog was dangerous and vicious, Defendants misrepresented to the public and thereby Kay Rozario as to the reason the dog trainer was hired. In the November 11,

2013, Episode 2 of Season 4 broadcast, Defendants concealed the fact that the dog trainer had been hired to fix the dog's aggression.

77.   By intentionally concealing from the Kay Rozario and public the facts set forth above, these wrongful acts by Defendants show:

   a.   Defendants Kim Richards and Evolution formed a conspiracy to fraudulently conceal; and

   b.   Defendants Kim Richards and Evolution operated and participated in a conspiracy to fraudulently conceal.

78.   If Kay Rozario would have been aware Defendant Richards and Defendant Evolution had concealed and suppressed the fact that the dog was vicious and dangerous, Kay Rozario and her daughter and granddaughter would never have gone to Defendant Richards' residence.

79.   The above concealment by the Defendants harmed Kay Rozario.

80.   Defendants' concealment herein was a substantial factor in causing Plaintiff Kay Rozario's severe injuries.

81.   Kay Rozario requests compensation for the physical and emotional pain and suffering she has endured and continues to undergo.   She also seeks reimbursement for the medical bills she has incurred, as well as all other compensation the court deems just and proper.

82.    Plaintiff prays for exemplary and punitive damages according to proof.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kay Rozario prays for Judgment against Defendants, and each of them as follows:

1.    Medical treatment costs, and other treatment costs previously incurred by Kay Rozario;

2.    General damages for pain, suffering, physical disfigurement and other intangible losses sustained by Kay Rozario;

3.    Medical treatment costs, and other treatment costs incurred in the future by Kay Rozario;

4.    For exemplary and punitive damages according to proof;

5.    For costs of suit herein.

6.    Prejudgment and post judgment interest allowed by law.

7.    For such other and further relief as the Court may deem proper.

Respectfully submitted this 12th day of December, 2014.


By:    s/Jay W. MacIntosh
       Jay W. MacIntosh, Esq., #209912
       Law Offices of Jay W. MacIntosh
       16633 Ventura Boulevard, Suite 1200
       Encino, California 91436
       Telephone (310) 288-4330
       Facsimile (310) 479-4629
       Email:*jay@jaywmacintoshlaw.com*

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.


December 12, 2014


By:    **s/Jay W. MacIntosh**